UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Reginald C. Sweat, #257472 ) | C/A No. 9:09-02040-HFF-BM |
| *aka Reginald Corey Sweat* ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| ) | |
| Kathryn Harell, Assistant Director; ) | |
| Capt. Michale Higgins, official and individual ) | |
| capacities, ) | |
| ) | |
| Defendants. ) | |

Reginald C. Sweat (Plaintiff) files this civil action *pro se* pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff currently is incarcerated at Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections. In this complaint, Plaintiff alleges violations of his First Amendment and Fourteenth Amendment rights regarding the prison grievance process. Plaintiff names Kathryn Harell and Capt. Michale Higgins as defendants. Plaintiff seeks damages.

Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.). This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e) D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980).

Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only

2



weigh the plaintiff's factual allegations in his favor. *Id.*

## DISCUSSION

This case has been filed as a civil rights action pursuant to 42 U.S.C. § 1983 which allows for lawsuits against state officials for money damages arising from their constitutional violations. In the complaint, Plaintiff states that he is attempting to litigate due process and free speech violations because his inmate grievances filed at the Alvin S. Glenn Detention Center (ASGDC) were not processed by the defendants. Specifically, Plaintiff complains that grievances he filed concerning an alleged injury that he received while incarcerated at the ASGDC were not processed or sent to a contact at Internal Affairs as he had marked them. Plaintiff complains about the handling of his grievances and claims that "the staff violated my free speech by not allowing me to speak with the female from Internal Affairs by intercepting and not processing my grievances." (Compl. at 3.)

Even though Plaintiff couches this as free speech and due process violations, in essence, Plaintiff's reference to his First Amendment rights appears to be tied to what he perceives as his right "to petition the Government for a redress of grievances." U.S. Const. Amend. 1. This translates into a mistaken belief that he has a constitutional right to file a grievance within the prison system. Inmates have no constitutionally protected right to a grievance procedure within the prison system. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Blagman v. White*, 112 F. Supp. 2d 534, 542 (E. D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W. D. Va. 2000) ("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983"). Because "there is no constitutional right to participate in grievance proceedings," the alleged failure to process



3

Plaintiff's grievances does not rise to the level of a constitutional violation. *See Adams v. Rice*, 40 F.3d at 75.

As to Plaintiff's due process claim, in as much as the complaint could be liberally construed to claim a denial of Plaintiff's protected liberty interest, the state prison grievance procedures do not trigger a protected liberty interest. *See Adams v. Rice*, 40 F.3d at 75; *Flick v. Alba*, 932 F.2d at 728 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1998) (state Department of Corrections administrative policy establishing a grievance procedure did not create legitimate liberty interest protected by due process.)

Because Plaintiff has failed to state a claim cognizable in this Court, this complaint should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that this complaint be dismissed *without prejudice* and without issuance and service of process. **Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

September 23, 2009
Charleston, South Carolina

4

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

